LOUIS MACKALL *vs.* THE FARMERS BANK OF MARYLAND.—
*December*, 1841.

The defendant who pleads a discharge under the insolvent laws, upon an issue joined of *nul tiel record*, replied by the plaintiff in the action, must produce before the court all the proceedings in the matter of his petition for such relief, and show their conformity to the acts of Assembly in such case made.

The docket entries made by the clerks of the county courts in such cases, are not equivalent to a record of the proceedings.

Where a judgment is confessed and accepted subject to the defendant's discharge under the insolvent laws, it is not such an admission of his final discharge, as to constitute sufficient evidence of the affirmative of an issue upon the plea of *nul tiel record* of a discharge, joined in a *scire facias* to revive the judgment.

The deed of an insolvent debtor conveying his property to a trustee for the benefit of creditors under the usual order of court, acknowledged before the clerk of the county court, is not properly acknowledged.

Where by the docket entries it appeared before judgment confessed, that the defendant's discharge had been suggested, it is no variance that a *scire facias* upon the judgment had been issued without reference to such suggestion.

APPEAL from *Prince George's* county court.

On the 9th of April, 1835, the *Farmers Bank of Maryland* sued out upon a judgment a writ of *scire facias.* The judgment recited in the writ was of *Prince George's* county court, in favor of the appellee against the appellant, at April term, 1830; whereof execution, yet, &c. This writ being returned *nihil,* was renewed 20th May, 1835, and then made known. The defendant appeared and pleaded.

1st. Payment of the original judgment before the suing out of the *scire facias.*

2nd. That the plaintiffs ought not to have execution upon their writ, except for such property as the defendant shall hereafter acquire by gift, descent, or in his own right by bequest, &c.; because he, the said defendant, saith, that before the rendition of the judgment in the said writ of *scire facias* mentioned, to wit, on the 6th of April, 1830, he obtained from the judges of *Prince George's* county court a final discharge under the insolvent laws of *Maryland,* of and from the payment of all

debts; and that the judgment in the writ mentioned, was rendered and obtained, subject to such discharge, and that he hath not since acquired any lands, &c., by gift, &c.

3rd. There is no such record of recovery as that recited in the writ.

The plaintiff replied—

To 1st plea; non-payment and issue.

To 2nd plea; that the only discharge which the defendant ever obtained under the insolvent laws, was in 1828; that it was illegal, and that the judgment recited in the writ was not rendered or obtained subject to it, and issue.

To the 3rd plea; there is such a record of recovery, &c., and issue.

Upon these issues a jury was sworn, and the defendant, on motion, was permitted to withdraw his pleas of payment, and of *nul tiel record*, and the court being of opinion that it did not sufficiently appear that the defendant had been duly and legally discharged under the insolvent laws as by him in his plea, &c., and as that there was no record of such discharge, adjudged execution to the plaintiff, &c.

*1st Exception.*—At the trial of this cause, the defendant to maintain the issue on his part joined, upon the replication of the plaintiffs, that there is no such record of the final discharge of the defendant under the insolvent laws of this State, as the defendant in his plea has alleged, proved by the clerk of the court that no other record of an insolvent's final discharge is ever made in *Prince George's* county court, except an entry upon the docket of such discharge, and of the administration of the final oath to the insolvent, and then offered in evidence to the court, the docket entries in the case of the petition of the defendant for the benefit of the insolvent laws of this State, from which it appeared, that on the 6th day of April, 1830, the defendant appeared in court, received his final discharge and took the final oath, viz:

"LOUIS MACKALL FOR THE BENEFIT OF THE INSOLVENT LAWS. In *Prince George's county court, April Term, 1830.* Petition, &c., schedule, &c. 1829, O. C., petitioner ap-

pears and order of publication extended—1830, April 5th, being 1st day of the term, petitioner appears. 6th, petitioner appears—printers cert. filed, and final oath administered."

Whereupon it was insisted by the plaintiff, that it was incumbent on the defendant to produce before the court all the proceedings in the case of the petition of the defendant for the benefit of the insolvent laws, from the petition to the final discharge, and to prove their strict conformity to the provisions of the acts of Assembly in such case made and provided, and the court being *divided* in opinion, the issue joined as aforesaid was decided in favor of the plaintiff. The defendant appealed.

*2nd Exception.*—After the evidence offered in the preceding, which is made a part of this exception, the defendant offered to the court the judgment, to revive which the *scire facias* in this court is brought, and proved by the docket entries that said judgment was confessed by the defendant on the 22nd April, 1830, subject to his discharge under the insolvent laws; and the defendant insisted, that the acceptance by the plaintiff of the judgment now sought to be revived, subject to the defendant's final discharge, was an admission of such final discharge, and sufficient for the affirmative of the issue of *nul tiel record* aforesaid; but the court (STEPHEN, C. J., and DORSEY, A. J.,) were of opinion that said entry was not sufficient for the purpose aforesaid. The defendant appealed.

*3rd Exception.*—In addition to the evidence contained in the preceding exceptions, which are by agreement made part of this exception, the defendant further to maintain the issue joined on his part, upon the replication of *nul tiel record* of the defendant's final discharge under the insolvent laws of this State, offered in evidence to the court, the original papers in the case of the petition of the defendant for the benefit of said insolvent laws, by which it appeared that the petitioner's deed to his trustee, made at the time of his application, the 23rd October, 1828, for relief, was certified to be acknowledged in open court before the *clerk of the court.*

Whereupon the plaintiff by his counsel objected to the read-

ing of the *deed* from said defendant to *Edmund Key,* his trustee, upon the ground, that the same does not appear to have been acknowledged according to law. And the court being of opinion that the said deed had not been properly acknowledged, sustained the plaintiff's objection, and refused to admit such deed to be read in support of the issue aforesaid. The defendant appealed.

*4th Exception.*—The plaintiff to maintain the issue joined on his part to the plea of *nul tiel record,* produced in evidence the docket of *Prince George's* county court of April term, 1830, being the docket of the term at which the said judgment was rendered, and offered the entry of said judgment on the docket of said term, and which is in the words following, to wit:

"*The President, Directors and Company of the Farmers Bank of Maryland vs. Louis Mackall. Prince George's* county court, April term, 1830. *Case—nar—rule—plea—Defendant's discharge under the insolvent laws suggested—22nd April, Judgment for* $700, *current money, damages and costs.* The damages to be released on payment of $350, current money, with interest from the 16th day of July, 1828. Costs $7.28$\frac{1}{3}$."

The defendant then objected, that the judgment set out in the *scire facias* did not correspond with the said judgment so offered by the plaintiff in this; that the said *scire facias* does not recite the suggestion of the defendant's discharge under the insolvent laws, according to the entries on the said docket, and that there was a variance between the said *scire facias* and the judgment as entered on the docket aforesaid; but the court were of opinion and so decided, that said entry on the docket of defendant's discharge suggested, constituted no variance between the judgment as recited in the *scire facias,* and proved. The defendant appealed.

The cause was argued before BUCHANAN, C. J., ARCHER, DORSEY, and CHAMBERS, Judges.

By T. G. PRATT, for the appellant, who insisted—

1. That under the plea of his discharge under the insolvent

laws, it was sufficient for the insolvent to prove his final discharge, and that it was not incumbent on him to exhibit the preliminary proceedings under his insolvent petition.

2. That the order of the court awarding to the appellant a final discharge under the insolvent laws, was an adjudication by the court of the regularity of all the antecedent proceedings, which cannot be collaterally enquired into.

On the 2nd exception, it will be insisted—

1. That the record shews that the issue joined on the plea of *nul tiel record* of plaintiffs judgment, was decided by the court, and that the second exception was taken to the opinion of the court thereon.

2. That the entry on the judgment, "subject to the defendant's discharge under the insolvent laws," or "defendant's discharge under the insolvent laws suggested," constituted a part of the judgment, and that the omission to recite the same in the *scire facias*, was fatal upon the plea of *nul tiel record*.

3. That the acceptance of the judgment, subject to the defendant's final discharge, was an admission of such final discharge, and sufficient to bar the plaintiff's right of execution, as against the property of the defendant, subsequently acquired by purchase, &c.

On the 3rd exception, it will be insisted—

That the property of the insolvent was transferred by operation of law to his trustee; that the deed from him to his trustee was consequently unnecessary; and that the court erred in deciding that his discharge was irregularly obtained and void, because of the supposed insufficiency of the acknowledgments of said deed.

On the 4th exception, it will be insisted—

That the omission in the *scire facias* "to recite the suggestion of the defendant's discharge under the insolvent laws," was fatal to the plaintiff's recovery under the issue joined on the plea of *nul tiel record*, to sustain which the said judgment was offered in evidence by the plaintiff.

By Tuck and Randall, for the appellees.

The appellees will contend, on the 1st exception—

Mackall *vs.* Farmers Bank.—1841.

1. That to support this issue it was incumbent on the defendant to produce the whole record of the insolvent's proceedings, and show by them a strict compliance with the acts of Assembly; that these docket entries in themselves are no evidence at all, unless preceded by such regular proceedings.

On the 2nd exception—

2. That the plea of *nul tiel record*, as to the judgment in the *scire facias* stated, was, on leave granted to the defendant by order of court withdrawn, and therefore no such prayer as that contained in this bill of exceptions could be made, there being no foundation for it in the pleadings.

3. That if the court could entertain such a prayer, they were correct in rejecting it, because the docket entries cannot control the original record of the judgment, which does not appear to be, nor is pretended to be, rendered subject to this discharge.

4. That if so rendered subject to this discharge under the insolvent laws, advantage of this discharge could not be taken by the plea of *nul tiel record*, &c.; but the discharge must be specially pleaded, and the whole proceedings fully set out and shown to be in conformity to the law.

On the 3rd exception—

5. That the deed is not acknowledged according to law; its acknowledgment being in open court before the clerk thereof.

On the 4th exception—

6. That this suggestion of the defendant's discharge under the insolvent laws is a mere docket entry, no part of the judgment, and its omission in the judgment, does not constitute a variance.

The plaintiffs will also support the opinion of the court on this exception by the points made under the first exception.

By the Court—

JUDGMENT AFFIRMED.